# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# WESTERN DIVISION

| | |
|---|---|
| CHRISTOPHER PLOOSTER,<br><br>    Petitioner,<br><br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>    Respondent. | No. C 08-4026-MWB<br>(No. CR 04-4117-MWB)<br><br>**MEMORANDUM OPINION AND ORDER REGARDING PETITIONER'S § 2255 MOTION** |

_____

This matter comes before the court pursuant to petitioner Christopher Plooster's March 26, 2008, *Pro Se* Motion Under 28 U.S.C. § 2255 To Vacate, Set Aside, Or Correct Sentence By A Person In Federal Custody (§ 2255 Motion) (docket no. 1). The respondent asserts that Plooster is not entitled to any relief on his § 2255 Motion.

On March 11, 2005, Plooster pleaded guilty to conspiracy to distribute 500 grams or more of methamphetamine within 1,000 feet of a school, in violation of 21 U.S.C. § 846; possession with intent to distribute 50 grams or more of methamphetamine within 1,000 feet of a school, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B), and 860(a); and possession of various firearms in furtherance of and during and in relation to a drug-trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A). CR 04-4117, docket no. 16. Prior to Plooster's guilty plea, the prosecution had filed a Notice Of Intent To Seek Enhanced Penalties Pursuant To 21 U.S.C. § 851 (CR 04-4117, docket no. 13), based on one prior felony drug conviction, and Plooster's plea agreement acknowledged that a § 851 enhancement was applicable. Plooster subsequently sought to withdraw his guilty plea on the following grounds: (1) that his original counsel ineffectively represented him in this

matter in a number of respects, including failing to file a motion to suppress evidence obtained in an illegal search; (2) that the attorney-client relationship between defendant Plooster and his original attorney had broken down prior to his guilty plea; and (3) that he was not aware that a notice of an enhanced sentence, pursuant to 21 U.S.C. § 851, had been filed against him until after he had pleaded guilty. The undersigned denied Plooster's motion to withdraw his guilty plea on May 15, 2006, *see* CR 04-4117, docket no. 52, and sentenced Plooster to concurrent sentences of 360 months imprisonment on the drug charges and a consecutive sentence of 60 months on the firearms charge, *see* CR 04-4117, docket no. 59. Plooster appealed denial of his motion to withdraw his guilty plea, but the Eighth Circuit Court of Appeals affirmed. *See* CR 04-4117, docket no. 76; *United States v. Plooster*, 221 Fed.Appx. 478, 2007 WL 1095234 (8th Cir. 2007).

In his § 2255 Motion, Plooster asserts that he was subjected to a search that was illegal in several respects; that his original counsel was ineffective in several respects, including failure to challenge the legality of the search; that his guilty plea was coerced; and that the § 851 enhancement was applied in violation of *Apprendi*. Plooster alleges ineffective assistance of counsel to overcome procedural default of claims not previously asserted in this court or on appeal. The respondent asserts that Plooster's claims are barred, because his ineffective assistance of counsel claims, the gateways to consideration of any other claims, have been previously raised and rejected, in both the trial court and on appeal, in the litigation of Plooster's motion to withdraw his guilty plea.

The "cause and prejudice" that must be shown to resuscitate a procedurally defaulted claim may include "ineffective assistance of counsel." *See Becht v. United States*, 403 F.3d 541, 545 (8th Cir. 2005). Moreover, the Eighth Circuit Court of Appeals has expressly recognized that a claim of ineffective assistance of counsel should be raised in a § 2255 proceeding, rather than on direct appeal, because it often involves facts outside

of the original record. *See United States v. Hughes*, 330 F.3d 1068, 1069 (8th Cir. 2003) ("When claims of ineffective assistance of trial counsel are asserted on direct appeal, we ordinarily defer them to 28 U.S.C. § 2255 proceedings."). On the other hand, the Eighth Circuit Court of Appeals has repeatedly held that any matter that has been decided adversely to the petitioner upon direct appeal is not cognizable under § 2255. *Bear Stops v. United States*, 339 F.3d 777, 780 (8th Cir. 2003); *see also United States v. Shabazz,* 657 F.2d 189, 190 (8th Cir. 1981); *Houser v. United States,* 508 F.2d 509, 514 (8th Cir. 1974); *Sykes v. United States,* 341 F.2d 104 (8th Cir. 1965); *Franano v. United States,* 303 F.2d 470 (8th Cir.), *cert. denied,* 371 U.S. 865 (1962). Also, "Section 2255 relief is not available to correct errors which could have been raised at trial or on direct appeal, absent a showing of cause and prejudice, or a showing that the alleged errors were fundamental defects resulting in a complete miscarriage of justice." *Ramey v. United States*, 8 F.3d 1313, 1314 (8th Cir. 1993) (*per curiam*) (internal citations omitted).

Plooster's § 2255 Motion presents the unusual situation in which Plooster's allegations of ineffective assistance of counsel, either as independent claims or as gateways to overcome procedural default of other claims, have been previously raised and litigated in this court and on appeal in the disposition of Plooster's motion to withdraw his guilty plea, or could have been raised before this court or on direct appeal. Thus, even Plooster's underlying claims of an illegal search, coercion of his guilty plea, and improper application of a § 851 enhancement, as well as his claims of ineffective assistance of counsel, are now foreclosed by the prior disposition of Plooster's ineffective assistance of counsel claims based on counsel's alleged failure to address these matters prior to Plooster's guilty plea or by Plooster's failure to assert those claims in this court or on appeal. *See Bear Stops*, 339 F.3d at 780; *Ramey*, 8 F.3d at 1314. Therefore, Plooster is not entitled to any relief on his § 2255 claims.

Denial of Plooster's § 2255 Motion raises the question of whether or not he should be issued a certificate of appealability for his claims therein. However, the court finds that Plooster has not made a substantial showing of the denial of a constitutional right on his § 2255 claims. *See* 28 U.S.C. § 2253(c)(2). Specifically, there is no showing that reasonable jurists would find this court's assessment of Plooster's claims to be debatable or wrong, *Miller-El v. Cockrell*, 537 U.S. 322, 338 (2003); *Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997), *cert. denied*, 525 U.S. 834 (1998), or that any court would resolve those issues differently. *Cox*, 133 F.3d at 569. Therefore, Plooster does not make the requisite showing to satisfy § 2253(c) on his claims for relief, and no certificate of appealability will issue in this case. *See* 28 U.S.C. § 2253(c)(2); FED. R. APP. P. 22(b).

THEREFORE, upon the foregoing, petitioner Christopher Plooster's March 26, 2008, *Pro Se* Motion Under 28 U.S.C. § 2255 To Vacate, Set Aside, Or Correct Sentence By A Person In Federal Custody (docket no. 1) is **denied in its entirety**. This matter is **dismissed in its entirety**. No certificate of appealability will issue for any claim or contention in this case.

**IT IS SO ORDERED.**

**DATED** this 16th day of September, 2009.

_____
MARK W. BENNETT
U. S. DISTRICT COURT JUDGE
NORTHERN DISTRICT OF IOWA